UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KEVIN E. LYONS, SR.,

        Plaintiff,

v.                                       Case No. 09-C-657

MENOMINEE TRIBAL JAIL and
MENOMINEE TRIBAL COURTS,

        Defendants.

**ORDER**

Plaintiff Lyons has filed an action under 42 U.S.C. § 1983. Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). Plaintiff, however, has requested leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915.

Section 1915 is meant to ensure indigent litigants meaningful access to federal courts. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). An indigent plaintiff may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Plaintiff filed the required affidavit of indigence. Upon review of that affidavit, it appears that plaintiff could not pay the $350 filing fee.

Section 1915 also requires courts to "screen" complaints to ensure that indigent plaintiffs do not abuse the ability to bring cases without paying a filing fee. Plaintiff claims he was incarcerated by tribal authorities for a period of four months, and during that time he never saw a

judge. He asserts that this is a violation of his rights (presumably the Fourteenth Amendment). Although incarcerations of significant periods of time (e.g., pretrial detention) generally require a showing before a judge, revocations after trial require only a hearing before a revocation board or other entity. *See, e.g., Gagnon v. Scarpelli,* 411 U.S. 778 (1973) (due process right to hearing and counsel before probation revoked). In other words, the simple fact that plaintiff did not "see a judge" is not in itself a violation of any rights. Because the complaint does not specify any more than that, it will be dismissed.

Moreover, the complaint does not appear to state a claim upon which relief may be granted. Section 1983, the civil rights statute, imposes liability on individuals who act under color of state law, but it does not apply to those acting under color of tribal law. *Burrell v. Armijo,* 456 F.3d 1159, 1174 (10th Cir. 2006) ("A § 1983 action is unavailable 'for persons alleging deprivation of constitutional rights under color of tribal law.'") (quoting *R.J. Williams Co. v. Ft. Belknap Hous. Auth.,* 719 F.2d 979, 982 (9th Cir.1983)). Accordingly, it will be dismissed for that additional reason. "Because plaintiff does not allege that defendant acted under color of state law, the district court was correct to grant summary judgment to defendant on that basis." *Pounds v. Killion,* 35 Fed. Appx. 819, 821, 2002 WL 1038774, * 1 (10th Cir. 2002).[1]

---

[1] Similarly, the Indian Civil Rights Act ("ICRA") does not provide a remedy. The only remedy provided in ICRA is that of habeas-style relief (i.e., release from custody) – it does not authorize damages actions after release. *United States v. Becerra-Garcia,* 397 F.3d 1167, 1171 (9th Cir. 2005) ("We acknowledge that in the civil context, habeas corpus relief generally is the sole federal remedy for a violation of ICRA."); *Stevens v. Skenandore,* 2000 WL 1069404, *1 (7th Cir. 2000) ("Stevens cannot sue the individual Oneida defendants under the ICRA because the only remedy authorized by the statute is a habeas corpus proceeding brought against the tribe pursuant to 42 U.S.C. § 1303.")

**NOW, THEREFORE, IT IS HEREBY ORDERED** that plaintiff's request to proceed *in forma pauperis* is granted, meaning that the filing fee is waived. The complaint, however, is **DISMISSED**.

Dated this 21st day of July, 2009.

> s/ William C. Griesbach
> William C. Griesbach
> United States District Judge